# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| DIXON LEE POELLNITZ, JR., | : |
| Petitioner, | : |
| vs. | : CIVIL ACTION NO. 14-0240-WS-C |
| UNITED STATES OF AMERICA, | : CRIMINAL ACTION NO. 04-0026-WS |
| Respondent. | |

## REPORT AND RECOMMENDATION

Petitioner, Dixon Lee Poellnitz, Jr., has filed a motion to vacate, set aside or correct his sentence, pursuant to 28 U.S.C. § 2255 (*see* Doc. 63). This action has been referred to the undersigned for entry of a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). Following consideration of all relevant pleadings in this case, it is recommended that Poellnitz' § 2255 motion be summarily dismissed as time-barred pursuant to 28 U.S.C. § 2255(f)(1).

## FACTUAL BACKGROUND

On May 20, 2004, Poellnitz entered a counseled guilty plea to conspiracy to possess with intent to distribute crack cocaine, in violation of 21 U.S.C. § 846, as charged in Count One of the Superseding Indictment. (*See* Docs. 36 & 37.) Petitioner was sentenced to a term of 240 months imprisonment on November 17, 2004. (*See* Doc. 47.) Poellnitz did not file a direct appeal. (*See* Docket Sheet.)

The instant motion to vacate was filed by Poellnitz in the Middle District of Alabama on April 29, 2014, and transferred to this Court on May 29, 2014. (*See* Doc. 63.) Therein, petitioner implicitly contends that his § 2255 motion is timely under 28 U.S.C. § 2255(f)(3)

because it is being filed within one year of the date the Supreme Court decided *Alleyne v. United States*, ___ U.S. ___, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013) and this Court should decide that *Alleyne* is retroactive to cases on collateral review, *see Dodd v. United States*, 365 F.3d 1273, 1278 (11th Cir. 2004) ("As a panel of this Court noted, every circuit to consider this issue has held that a court other than the Supreme Court can make the retroactivity decision for purposes of § 2255(3)."), *aff'd*, 545 U.S. 353, 125 S.Ct. 2478, 162 L.Ed.2d 343 (2005). (*See* Doc. 63, at 3 & 15-17.) In *Alleyne*, the Supreme Court overruled *Harris v. United States*, 536 U.S. 545, 122 S.Ct. 2406, 153 L.Ed.2d 524 (2000) "and held that any fact that increases a defendant's mandatory minimum sentence is an element of the offense that must be submitted to the jury and proved beyond a reasonable doubt." *United States v. McKinley*, 732 F.3d 1291, 1295 (11th Cir. 2013), citing *Alleyne,* 133 S.Ct. at 2155.[1]

## CONCLUSIONS OF LAW

Rule 4 of the Rules Governing Section 2255 cases provides, in pertinent part, that "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party." 28 U.S.C. foll. § 2255, Rule 4(b). It is clearly appropriate for a district court to summarily dismiss time-barred motions to vacate prior to any answer or other pleading by the United States. *See, e.g., United States v.*

---

[1] "Here, the sentencing range supported by the jury's verdict was five years' imprisonment to life. The District Court imposed the 7-year mandatory minimum sentence based on its finding by a preponderance of evidence that the firearm was 'brandished.' Because the finding of brandishing increased the penalty to which the defendant was subjected, it was an element, which had to be found by the jury beyond a reasonable doubt. The judge, rather than the jury, found brandishing, thus violating petitioner's Sixth Amendment rights. Accordingly, we vacate the Fourth Circuit's judgment with respect to Alleyne's sentence on the § 924(c)(1)(A) conviction and remand the case for resentencing consistent with the jury's verdict." 133 S.Ct. at 2163-2164.

*Johnson*, 2012 WL 3070972, *1 (M.D. Fla. Jul. 26, 2012); *Jones v. United States*, 2012 WL 3704759, *1 (N.D. Ga. Jul. 18, 2012), *report and recommendation adopted,* 2012 WL 3704837 (N.D. Ga. Aug. 27, 2012).

The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") was enacted on April 24, 1996 and, pertinent to this case, added a new subdivision to 28 U.S.C. § 2255 providing for a one-year period of limitations within which federal prisoners must file their motions to vacate pursuant to 28 U.S.C. § 2255. *Akins v. United States*, 204 F.3d 1086, 1089 (11th Cir.), *cert. denied,* 531 U.S. 971, 121 S.Ct. 410, 148 L.Ed.2d 316 (2000).

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

In the typical case, a petitioner interposes no argument in favor of application of subsections (2), (3), and (4) of § 2255(f), such that the timeliness of a motion to vacate, set aside or correct a sentence becomes relatively easy to calculate under § 2255(f)(1) based upon the date on which a petitioner's judgment of conviction became final. In this case, Poellnitz did not file a direct appeal and, therefore, his conviction became final fourteen

3

(14) days after this Court entered its November 19, 2004 written judgment, that is, on December 3, 2004, the date on which the time for filing a notice of appeal with this Court expired. *Compare* Fed.R.App.P. 4(b)(1)(A)(i) *with Adams v. United States*, 173 F.3d 1339, 1342 n.2 (11th Cir. 1999) ("[W]here a defendant does not pursue a direct appeal, the conviction becomes final when the time expires for filing a direct appeal."). Thus, Poellnitz' one-year limitations period for filing his § 2255 motion began running on December 3, 2004 and expired on December 3, 2005. And, of course, it is because Poellnitz' motion to vacate comes more than eight (8) years following the expiration of his one-year limitations period that he seeks to argue that his motion to vacate is timely under § 2255(f)(3) ("[T]he date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review[.]"), based upon the Supreme Court's decision in *Alleyne* and his invitation to this Court to declare *Alleyne* retroactively applicable on collateral review, *see Dodd, supra*. (*See* Doc. 63, at 3 & 15-17.)

The undersigned recommends that this Court decline to chart the path outlined by Poellnitz and declare *Alleyne* retroactively applicable to cases on collateral review. The undersigned makes this recommendation because the Supreme Court in *Alleyne,* a direct review case, gave no indication that its new rule applies retroactively on collateral review, *compare Alleyne,* 133 S.Ct. at 2155-2164 *with Scott v. United* States, 2013 WL 4077546, *1 (S.D. Ga. Aug. 12, 2013) ("Resolving Alleyne on direct, rather than collateral, review, [the Supreme Court] never said that its new rule applies retroactively on collateral attack."), *report and recommendation adopted,* 2013 WL 5347352 (S.D. Ga. Sept. 23, 2013), and *Alleyne* is

4

a mere extension of *Apprendi*,[2] *compare Alleyne,* 133 S.Ct. at 2155 ("*Harris* drew a distinction between facts that increase the statutory maximum and facts that increase only the mandatory minimum. We conclude that this distinction is inconsistent with our decision in *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), and with the original meaning of the Sixth Amendment. Any fact that, by law, increases the penalty for a crime is an 'element' that must be submitted to the jury and found beyond a reasonable doubt. . . . Mandatory minimum sentences increase the penalty for a crime. It follows, then, that any fact that increases the mandatory minimum is an 'element' that must be submitted to the jury. Accordingly, *Harris* is overruled.") *with, e.g., Simpson v. United States*, 721 F.3d 875, 876 (7th Cir. 2013) ("*Alleyne* is an extension of *Apprendi*[.]") and *Houston v. United States,* 2014 WL 585025, *10 (M.D. Fla. Feb. 12, 2014) ("*Alleyne* did not address prior-conviction sentencing enhancements. Instead, *Alleyne* merely extended the rationale of *Apprendi*, which itself noted that the Sixth Amendment did not require 'the fact of a prior conviction' to be submitted to a jury and proved beyond a reasonable doubt."), a case which the Eleventh Circuit has consistently determined is not retroactively applicable to cases on collateral review, *Suarez v. United States,* 325 Fed.Appx. 887, 888 n.2 (11th Cir. May 12, 2009) ("Suarez's claim would fail under § 2255 because *Booker* and *Apprendi* are not retroactively applicable in that context."); *see Bennett v. Warden, FCI Jessup,* 508 Fed.Appx. 929, 930 (11th Cir. Feb. 13, 2013) ("The district court denied [Bennett's § 2255] motion because *Apprendi* was not retroactively applicable to cases on collateral review. We denied Bennett a certificate of appealability, and the Supreme Court denied Bennett's petition for a writ of certiorari."). Inasmuch as it is clear to the undersigned that the Eleventh Circuit

---

[2] *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000).

would not find *Alleyne* retroactively applicable to cases on collateral review, consistent with the observations and holdings of other courts that have considered this issue to date, *see, e.g., United States v. Redd,* 2013 WL 5911428, *3 (2nd Cir. Nov. 5, 2013) ("*Alleyne* did not announce a new rule of law made retroactive on collateral review."); *United States v. Stewart,* 2013 WL 5397401, 1 n.1 (4th Cir. Sept. 27, 2013) ("We note that *Alleyne* has not been made retroactively applicable to cases on collateral review."); *Rhodes v. United States*, 2013 WL 5797641, *2 (S.D. Ga. Oct. 28, 2013) ("*Alleyne* is not retroactively applicable to cases on collateral review."), petitioner's invitation to this Court to chart such path is due to be rejected.³

Based upon the foregoing, and because Poellnitz' motion contains no argument that he is entitled to equitable tolling of the limitations period—and "there is nothing in the record to support its application[,]" *Stevens v. United States*, 2013 WL 3458152, *2 n.2 (N.D. Miss. Jul. 9, 2013)—or that he is factually innocent of the crime for which he was

---

³ To the extent Poellnitz also tries to rely upon *DePierre v. United States,* ___ U.S. ___, 131 S.Ct. 2225, 180 L.Ed.2d 114 (2011), such argument is a non-starter since the instant motion to vacate (*see* Doc. 63, at 21 (filed April 29, 2014)) was not filed within a year of the Supreme Court's decision in *DePierre, supra* (decided June 9, 2011). Besides, "*DePierre* did not recognize a new right; rather, it clarified that the statutory term 'cocaine base,' as used in 21 U.S.C. § 841(b)(1), refers to all forms of cocaine base rather than just crack cocaine." *Coley v. United States,* 2012 WL 3052841, *2 (S.D. Ga. Jun. 28, 2012) (citation omitted), *report and recommendation adopted,* 2012 WL 3052796 (S.D. Ga. Jul. 25, 2012); *see also Daniels v. Warden, FCC Coleman-USP I,* 538 Fed.Appx. 850, 853 (11th Cir. Sept. 18, 2013) ("*DePierre* did not overturn 'a circuit precedent that squarely resolved the claim so that the petitioner had no genuine opportunity to raise it at trial, on appeal, or in his first § 2255 motion,' since it merely involved the interpretation of a substantive criminal statute."), *cert. denied,* ___U.S. ___, 134 S.Ct. 1803 (2014). In addition, *DePierre* has not been made retroactively applicable to cases on collateral review. *Compare Smith v. United States,* 2012 WL 7987767, *2 (M.D. Ga. Sept. 13, 2012), *report and recommendation adopted,* 2013 WL 1748082 (M.D. Ga. Apr. 23, 2013), *with Mitchell v. United States,* 2012 WL 4586129, *2 (S.D. Ga. Aug. 14, 2012) (collecting cases from district courts in three different states that *DePierre* is not retroactively applicable to cases on collateral review), *report and recommendation adopted,* 2012 WL 4585341 (S.D. Ga. Sept. 28, 2012). Thus, *DePierre* cannot salvage Poellnitz' untimely motion to vacate.

convicted—[4] the undersigned recommends that petitioner's § 2255 motion be summarily dismissed.

Pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings, the undersigned recommends that a certificate of appealability in this case be denied. 28 U.S.C. foll. § 2255, Rule 11(a) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."). The habeas corpus statute makes clear that an applicant is entitled to appeal a district court's denial of his habeas corpus petition only where a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1). A certificate of appealability may issue only where "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2243(c)(2). Where, as here, a habeas petition is being denied in its entirety on procedural grounds without reaching the merits of an underlying constitutional claim, "a COA should issue [only] when the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595, 1604, 146 L.Ed.2d 542 (2000). Given the applicability of the one-year limitations period in this case, a reasonable jurist could not conclude that this

---

[4] There can be no question but that the Supreme Court recently held in *McQuiggin v. Perkins*, ___ U.S. ___, 133 S.Ct. 1924, 1928, 185 L.Ed.2d 1019 (2013) that "actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar . . . or, as in this case, expiration of the statute of limitations." *Id*. at ___, 133 S.Ct. at 1928. However, the Supreme Court also notably cautioned that "tenable actual-innocence gateway pleas are *rare*[.]" *Id*. (emphasis supplied). "'[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" *Id*., quoting *Schlup v. Delo*, 513 U.S. 298, 329, 115 S.Ct. 851, 868, 130 L.Ed.2d 808 (1995) (other citation omitted). Poellnitz, of course, does not assert his factual innocence and certainly has supplied this Court with no "new" evidence establishing his actual innocence of the § 846 charge. Thus, *McQuiggin* does not provide him a gateway through which his untimely § 2255 motion may pass.

Court is in error for summarily dismissing Poellnitz' motion to vacate, nor could a reasonable jurist conclude that petitioner should be allowed to proceed further with respect to his claims. *Slack, supra,* 529 U.S. at 484, 120 S.Ct. at 1604 ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further."). Accordingly, petitioner is not entitled to a certificate of appealability.

Rule 11(a) further provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation. *Brightwell v. Patterson*, CA 11-00165-WS-C, Doc. 14 (order from Eleventh Circuit denying petitioner a certificate of appealability in a case in which this exact procedure was outlined in the report and recommendation); *see also Castrejon v. United States,* 2011 WL 3241817, *20 (S.D. Ala. Jun. 28, 2011) (providing for the same procedure), *report and recommendation adopted,* 2011 WL 3241580 (S.D. Ala. Jul. 29, 2011); *Griffin v. DeRosa*, 2010 WL 3943702, at *4 (N.D. Fla. Sept. 20, 2010) (providing for same procedure), *report and recommendation adopted sub nom. Griffin v. Butterworth,* 2010 WL 3943699 (N.D.Fla. Oct. 5, 2010).

## **CONCLUSION**

The Magistrate Judge recommends that the instant motion to vacate (Doc. 63) be summarily dismissed as time-barred pursuant to 28 U.S.C. § 2255(f)(1). Poellnitz is not entitled to a certificate of appealability and, therefore, he is not entitled to appeal *in forma pauperis*.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D.ALA. L.R. 72.4. The parties should note that under Eleventh Circuit precedent, "the failure to object limits the scope of [] appellate review to plain error review of the magistrate judge's *factual findings*." *Dupree v. Warden*, 715 F.3d 1295, 1300 (11th Cir. 2013) (emphasis in original). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the 3rd day of June, 2014.

        s/WILLIAM E. CASSADY
        **UNITED STATES MAGISTRATE JUDGE**